SUSAN BLACK DUNN, #3784
W. LEWIS BLACK, #13497
**DUNN & DUNN, P.C.**
3115 E. Lion Lane, Suite #160
Salt Lake City, Utah 84121
Telephone: (801) 521-6677
Facsimile: (801) 521-9998
sblack@dunndunn.com
wlblack@dunndunn.com

*Attorneys for Defendant Metropolitan Property and Casualty Insurance Company*

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| DOUGLAS BROWN AND DEBRA BROWN,<br><br>PLAINTIFFS,<br><br>VS.<br><br>METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>DEFENDANT. | **NOTICE OF REMOVAL**<br><br>CASE NO. 1:20-CV-00120-BSJ<br><br>JUDGE BRUCE S. JENKINS |

Defendant Metropolitan Property and Casualty Insurance Company ("Metropolitan" or "Defendant"), by and through its counsel of record, hereby removes this action from the Second Judicial District Court of Davis County, Utah, pursuant to 28 U.S.C. §§ 1446 and 1332 based upon diversity jurisdiction. In support of its removal, Defendant states as follows:

1. Plaintiffs filed a Complaint and Jury Demand (the "Complaint") in the Second Judicial District Court of Davis County, Utah, on August 4, 2020. *See* Summons and Complaint, attached hereto as Exhibit A.

2. Defendant Metropolitan was served with the Complaint on August 10, 2020. *See id.*

3. All "process, pleadings, and orders served upon" Metropolitan are attached hereto as Exhibit B.

4. Pursuant to 28 U.S.C. § 1446, Metropolitan had 30 days after service of summons upon Metropolitan to file this notice. The notice was due, therefore, by Wednesday, September 9, 2020. *See* 28 U.S.C. § 1446; *see also Garrett v. Cook*, 652 F.3d 1249, 1253 (10th Cir. 2011) (A "defendant must remove a case to federal court within thirty days after the receipt by the defendant, through service or otherwise, or a a copy of the initial pleading.") (internal quotation marks omitted).

5. Due to the massive windstorm that affected Salt Lake County on September 8, 2020, the offices of Metropolitan's Counsel of record was without electricity until Saturday, September 12, 2020. Metropolitan filed this notice on Monday, September 14, 2020, the first business day after the electricity was restored.

6. Defendant Metropolitan is incorporated under the laws of the state of Rhode Island and maintains its principal place of business in the state of Rhode Island. Metropolitan is not a citizen of the state of Utah, is not incorporated in the state of Utah, and does not have its principal place of business in the state of Utah.

7. As alleged in the Complaint and on information and belief, all Plaintiffs are citizens of the state of Utah.

8. This action is therefore between citizens of different states, satisfying the diversity requirements under 28 U.S.C. § 1332(a)(1).

9. This case has been identified as a Tier 2 case under Utah R. Civ. P. 26(c)(5), with damages between $50,000.00 and $300,000.00. *See* Case Docket, attached as Exhibit C. Therefore, the matter in controversy exceeds the sum or value of $75,000.00, the jurisdictional minimum set forth in 28 U.S.C. § 1332(a).

10. Metropolitan is the only defendant in this matter. Therefore, the requirement under 28 U.S.C. § 1446(b)(2) that "all defendants who have been properly joined and served must join in or consent to the removal of the action" is satisfied.

11. A copy of this Notice of Removal will be served upon Plaintiffs through their counsel of record and upon the Clerk of the Second Judicial District Court of Davis County, Utah, as provided by 28 U.S.C. § 1446(d).

WHEREFORE, notice is given that this action is removed from the Utah Second Judicial District Court, Davis County, to the United States District Court for the District of Utah.

DATED this 14th day of September 2020.

**DUNN & DUNN, P.C.**

/s/ SUSAN BLACK DUNN
SUSAN BLACK DUNN
W. LEWIS BLACK
*Attorneys for Defendant Metropolitan Property and Casualty Insurance Company*